# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:17-cr-286-CEH-AAS

JERRY MOISES CAICEDO-AVILA
_____

## ORDER

This matter comes before the Court on Defendant Jerry Moises Caicedo-Avila's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 103). In the motion, Caicedo-Avila seeks a sentence reduction based on a retroactive application of a change to the sentencing guidelines known as Amendment 782.

The Federal Public Defender was appointed on Caicedo-Avila's behalf (Docs. 105, 107). The Federal Public Defender and the United States Probation Office each filed a memorandum addressing the retroactive application of Amendment 782 to Seraphin's sentence (Docs. 106, 108).

Having considered the motion and being fully advised in its premises, the Court will deny Caicedo-Avila's motion to reduce his sentence.

## Background

On November 21, 2017, Caicedo-Avila was sentenced to a term of 120 months' imprisonment upon his guilty plea to possession with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, and conspiracy to

distribute and possess the same. Doc. 92. Caicedo-Avila is currently incarcerated at FCI Butner.

In his motion, Caicedo-Avila relies on a 2014 amendment of the sentencing guidelines, known as Amendment 782, that he states reduced by two levels the quantity threshold for all drug offenses. Doc. 103 at 1. He seeks a retroactive reduction in his sentence in accordance with the amendment under 18 U.S.C. § 3582(c). *Id.* at 1-2.

The United States Department of Probation submitted a memorandum in which it found that Caicedo-Avila is ineligible for retroactive relief from Amendment 782. Doc. 106. The Department explained that Caicedo-Avila had already been sentenced in accordance with Amendment 782, and had received the statutory minimum for his offense. *Id.* at 1. The Federal Public Defender concurred in the Department's conclusion, explaining that Amendment 782 was already in effect at the time of Caicedo-Avila's sentencing in 2017. Doc. 108 at 2-3.

## Discussion

The Court, in general, may not modify a term of imprisonment once it has been imposed. *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)). 18 U.S.C. § 3582(c)(2) provides a limited exception in which a court may reduce the term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. The defendant, as the movant, bears the burden of proving his eligibility for a § 3582(c)(2) sentence reduction. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

2

Amendment 782, on which Caicedo-Avila relies, resulted from the United States Sentencing Commission's unanimous vote to amend the sentencing guidelines to lower most base offense levels by two levels across all drug types. *United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015). The amendment became effective immediately for defendants sentenced on or after November 1, 2014. *Id.* at 995.

Here, Caicedo-Avila was sentenced on November 21, 2017, three years after Amendment 782 went into effect. He is therefore not eligible for a reduction in sentence based on Amendment 782 because he was already sentenced in accordance with it.[1] *See* Docs. 106, 108. His motion is due to be denied.

Accordingly, it is **ORDERED**:

1. Defendant Jerry Moises Caicedo-Avila's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 103) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record; Unrepresented Parties

---

[1] The Court further notes that Amendment 782 would not have impacted Caicedo-Avila's offense level even if he had been sentenced before it went into effect. The prior version of the sentencing guidelines mandated that 150 kilograms or more of cocaine resulted in a base offense level of 38, while the current guidelines state that 450 kilograms or more result in level 38. *See* Editors' Notes to 2014 Amendments, U.S.S.G. § 2D1.1. Here, Caicedo-Avila was convicted of possessing 540 kilograms of cocaine. Doc. 79 at 5-6. Therefore, his base offense level would have been level 38 both before and after the enactment of Amendment 782. *See United States v. Sanchez*, 630 F. App'x 893, 894-95 (11th Cir. 2015) (defendant not entitled to resentencing where "he was subject to the same base offense level, 38, under the post-amendment guidelines as he was under the pre-amendment guidelines").